UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANDAL & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN BRUCE SANDLER (A.K.A. JONTY SANDLER), <br><br> Defendant. | Case No.:  18cv169-L(AGS) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DENYING MOTION TO DISMISS AS MOOT** |

In this tort action for interference with an attorney retainer agreement, Plaintiff alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. §1332. (Compl. at 2.)  Because the complaint does not sufficiently allege the parties' citizenship, the action is dismissed with leave to amend.

Unlike state courts,

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

1

(2006). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal citations and quotation marks omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010). Plaintiff relies on 28 U.S.C. §1332, which requires complete diversity of citizenship between plaintiffs and defendants. The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

The complaint names Handal & Associates, Inc. ("Handal") as Plaintiff, and Jonathan Bruce Sandler (a.k.a. Jonty Sandler) ("Sandler") as Defendant. For diversity purposes, the citizenship of a corporation is determined by its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). Handal alleges that it is a California corporation "with business offices located [in] San Diego, California." (Compl. at 2.) It does not "affirmatively and distinctly," *Tosco Corp.*, 236 F.3d at 499, allege the state of its principal place of business. It is therefore not possible for the Court to determine the state or states of Plaintiff's citizenship. Plaintiff alleges that Sandler is "an individual residing in Johannesburg, South Africa[, who] regularly conducts business in California." (Compl. at 2.) Although diversity exists between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), Plaintiff does not "affirmatively and distinctly" allege that Sandler is a citizen or subject to South Africa. Furthermore, diversity does not exist under 28 U.S.C. § 1332(a)(2) if the foreign citizen is "lawfully admitted for permanent residence in the United States and [is] domiciled in

the same State" as another party.  28 U.S.C. § 1332(a)(2).  Given the allegation that Sandler "regularly conducts business in California" (Compl. at 2), it is unclear whether he is a permanent resident of the United States who resides in California.  Accordingly, the complaint is insufficient to establish that the parties meet all the requirements of diversity jurisdiction.

Because Plaintiff does not allege the facts necessary to establish diversity, the complaint is dismissed for lack of subject matter jurisdiction.  Plaintiff is granted leave to file an amended complaint to supplement the jurisdictional allegations.  *See* 28 U.S.C. §1653.  If Plaintiff chooses to file an amended complaint, it must do so no later than **August 17, 2018**.  Defendant's pending motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated:  July 20, 2018

_____
Hon. M. James Lorenz
United States District Judge